Mr. Justice Walker delivered the opinion of the Court. The complainants filed their bill to compel defendants to accept of the provisions made in a deed of trust which provides for the payment of complainants’ debts and to injoin them from proceeding at law to enforce the collection thereof. So far as the merits of the case are concerned, complainants’ equity depends upon the fact as to whether defendants assented to the terms and conditions of the deed before its execution or agreed to take under its provisions after it was made. Complainants allege that they submitted the terms upon which the settlement of their debts was to be made to defendants, Tracy, Irwin & Co., before the deed of trust was executed and that they assented to the terms and agreed to take under it: that complainants had a deed drawn and executed in accordance with their proposition. The defendants, in their answer, admit that complainants submitted a proposition to them for the settlement of their debt, to which defendants assented, provided its provisions were satisfactorily arranged, and required an immediate answer, which however was never given. That after waiting some time for an answer they sent their note to defendant, Cummins, with instructions to proceed under his discretion as their attorney to collect the same. That they never did accept of the terms of the deed, which in fact was not made in accordance with the proposed terms of settlement. As there is no evidence of an acceptance of the terms and provisions of the deed after it was made, the issue is narrowed to a single point as to whether the deed was or was not made in accordance with the terms of the proposition accepted by defendants ; and in this respect a strict conformity to the terms proposed is indispensably necessary to bind the defendants and force them to submit to its provisions. There can be no doubt but what the execution of the deed was prolonged greatly beyond wha.t was contemplated by the defendants when they signified their assent to the terms proposed. The proposition bears date 2d July : the reply accepting the terms proposed, the 21st, and the deed was executed on the 4th November, 1847. Now when it is remembered that time is an important consideration, it. is quite evident that defendants never contemplated a delay of nearly three months before their debt would commence maturing under the terms proposed. They required a prompt reply, none was given, and they clearly had a right to consider the proposition at an end, and seek the ordinary mode of enforcing its collection. The excuses offered by complainants for not answering defendants and not sooner executing the deed of trust were not anticipated nor provided for in the terms of the proposition nor its acceptance, nor were they the result of neglect or misconduct on defendant’s part. The statement that defendant, Cummins, induced the delay by assurances, «fee., is not sustained in proof. The complainants proposed, 1st, to pay all outstanding judgments, and also one third of the other debts by the end of the first year : at the end of the second year'.to pay one half of the balance remaining and the residue in full at the end of the third year. Instead of providing for the payment of the judgments outstanding and which were a lien on the real estate the first year and thereby leaving defendants’ claim on an equal footing' with others of equal grade, provision is expressly made for the payment of the full amount of the debts of Glasgow <& Harrison and Sanger, they being debts due by note and of equal grade with the debt of defendants. This discrimination was contrary to the terms of the agreement and prejudicial to interests and rights of the defendants. For if the property after paying the judgment creditors’ debts should not sell for a sum sufficient to satisfy the whole of the other debts, these favored creditors should bear their proportion of the loss. The giving complainants sixty days notice before the sale was in effect an extension of the credit and indulgence for that length of time. They could certainly require no notice of the fact that the time for payment had expired, or that they had failed to pay the debts. In legal effect it was giving them three years and two months to make payment, and did so as fully as if it bad been so expressed in terms. So also the provision to sell on 6, 12 and 18 months credit was an extension of time not contemplated or embraced in the proposition of settlement nor the letter of acceptance which expressly reserved the right to see that “ all things were satisfactory.” The manner in which the debts were to be secured by a lien on the “ city property,” whether by mortgage or deed of trust, was not expressed in the proposition submitted. In view of these facts and the express reservation that the arrangement should be “ satisfactory,” it was evidently the intention of the defendants to reserve to themselves a right to accept or reject the deed, and it was the duty of complainants to have submitted the deed to defendants after it was executed that they might have approved or rejected its provisions, at least so far as to see that the deed was regular, valid and in strict accordance with the terms proposed. We are therefore of opinion that there is a material departure from the terms of the proposition made by complainants and accepted by defendants in the time of the execution, the conditions and stipulations in the deed, as well as in the time and manner of executing it, and the defendants were not bound to bring their debt within its provisions for payment: and that the decree of the Pulaski circuit court is correct and should in all things be affirmed. Let the decree be affirmed with costs.